**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4105**

───────────────

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

TYREE BRADFORD GRAVETT,

     Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Michael F. Urbanski, Senior District Judge.  (4:17-cr-00006-MFU-1)

───────────────

Submitted:  October 22, 2024        Decided:  October 25, 2024

───────────────

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Mary E. Maguire, Federal Public Defender, Benjamin Schiffelbein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Lee S. Brett, Assistant United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Bradford Gravett appeals the revocation of his supervised release. He contends that the district court improperly considered hearsay statements from witnesses who failed to appear at the revocation hearing. Finding no error, we affirm.

"We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion." *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014). Pursuant to Fed. R. Crim. P. 32.1(b)(2)(C), a defendant at a revocation hearing has the right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." In deciding whether a witness's appearance is required, "[t]he court is to balance the [defendant's] interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it." Fed. R. Crim. P. 32.1 advisory committee's note to 2002 amendments; *accord United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012).

The district court found that, while on supervised release, Gravett assaulted his girlfriend and fired bullets into her apartment. Neither the girlfriend nor her sister, who was present during the incident, appeared at the revocation hearing. Nevertheless, the court relied on statements from the women ("the declarants") that were captured on 911 calls and a police officer's body-worn camera.

On appeal, Gravett argues that the Government failed to establish good cause for the declarants' absence at the hearing. In particular, Gravett notes that the Government had subpoenaed the declarants, thus demonstrating that they were not entirely unavailable. Moreover, Gravett's girlfriend attended his initial appearance, and both declarants spoke

2

to an investigator hired by the defense.  However, as the district court found, these points merely underscore that the declarants had resolved not to cooperate with the Government. Indeed, in addition to issuing subpoenas, the Government engaged a witness coordinator who unsuccessfully tried to contact each declarant six separate times.  In light of the Government's repeated efforts to secure the declarants' live testimony, we discern no abuse of discretion in the court's good cause finding.

Accordingly, we affirm Gravett's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*